**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YESENIA ELIZABETH FLORES-MEJIA, | No. 22-765 |
| Petitioner, | |
| v. | Agency No. A 206-709-775 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2023[**]
Phoenix, Arizona

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.

Yesenia Elizabeth Flores-Mejia petitions for review of a decision of the

Board of Immigration Appeals upholding an order of an Immigration Judge

denying her applications for asylum, withholding of removal, and relief under the

Convention Against Torture. We have jurisdiction under § 242 of the Immigration

and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal conclusions

de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition for review.

1.  Assuming *arguendo* that the threats that Flores-Mejia received in Honduras, which were unaccompanied by any actual violence against her, rise to the level of persecution, we conclude that substantial evidence supports the agency's alternative determination that Flores-Mejia failed to show that the Honduran government is unable or unwilling to protect her.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that claims for asylum and withholding of removal both require a showing that the country of origin is either unable or unwilling to protect the petitioner from the alleged persecution).

In contending that she met her burden of proof on this issue, Flores-Mejia's brief in this court points to her testimony concerning a confrontation that she witnessed, while she was at a fair, between her alleged persecutor ("Daniel") and a local Honduran police officer.  Flores-Mejia testified that, after Daniel went around a street closure sign at the fair, a police officer stopped him and Daniel then "started insulting the officer."  According to Flores-Mejia, the officer ultimately "just put his head down and left."  The agency rejected this argument, concluding that Flores-Mejia's contention that the officer simply capitulated to gang

2

intimidation was "based on conjecture." Substantial evidence supports the agency's conclusion. Flores-Mejia acknowledged that she was somewhat far from where the confrontation took place, although she stated that she could hear "when they were screaming, when [Daniel] was insulting him." The agency permissibly construed this testimony as failing to establish that Flores-Mejia had heard what the officer said to Daniel, and it therefore properly concluded that the record did not exclude the "myriad" of other possible reasons why the officer walked away.

Flores-Mejia also points to evidence that gang members threatened other people in the community, but that evidence of gang activity likewise does not *compel* the conclusion that the police were unwilling or unable to protect her. 8 U.S.C. § 1252(b)(4)(B). The agency also considered the evidence of country conditions in Honduras and permissibly concluded that this evidence showed that the Honduran government had taken some steps to combat gang violence as well as violence against women. On this record, substantial evidence supports the agency's determination that Flores-Mejia had not carried her burden to establish her eligibility for asylum or withholding of removal.

2. To obtain relief under the Convention Against Torture, a petitioner must show that she will be tortured "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 208.18(a)(1). Assuming *arguendo* that Flores-Mejia has identified a harm that could constitute torture, we conclude

3

that substantial evidence supports the agency's conclusion that Flores-Mejia failed to show that any such torture would be conducted by, or with the acquiescence of, the Honduran government. As discussed above, the agency permissibly concluded that Flores-Mejia had not established that the Honduran government was unable or unwilling to protect her from her alleged persecutor or from gang violence generally. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). Accordingly, the agency's conclusion that she would not be tortured by, or with the acquiescence of, the Honduran government is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**